## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:07-cr-40066 |
| ) | |
| MAURICE LEONARD GIBSON, ) | |
| ) | |
| Defendant. ) | |

## ORDER & OPINION

Before the Court is Defendant Maurice Gibson's Motion for Reconsideration (dkt. 354) of the Order denying his Motion for a Reduced Sentence under Section 404(b) of the First Step Act (dkt. 333). The government has responded (dkt. 357), and Probation has filed a First Step Act Computation Work Sheet (dkt. 355). At the Court's direction, the Federal Public Defender subsequently filed a Supplement to Defendant's Motion for Reconsideration (dkt. 359) to which the government timely responded (dkt. 363). The matter is now ripe for review. For the following reasons, Defendant's Motion is granted.

### BACKGROUND

In January 2008, Defendant pleaded guilty to conspiracy to distribute crack cocaine (Count I), distribution of crack cocaine (Counts VIII and IX), and possession with intent to distribute crack cocaine (Count X) in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A), (b)(1)(B), (b)(1)(C). (Dkt. 159 at 1–5). Because of his two prior felony drug convictions, Defendant was subject to an enhanced mandatory minimum

sentence pursuant to 21 U.S.C. § 851. (Dkt. 159 at 5). Thus, by operation of the then-effective language in § 841(b)(1)(A), Defendant faced a mandatory minimum sentence of life imprisonment on Counts I and X. (Dkt. 159 at 23). In June 2008, Defendant was sentenced to life imprisonment on Counts I and X and 360 months' imprisonment on Counts VIII and IX, to run concurrently. (Dkt. 178).

Defendant's sentence was subsequently reduced twice. In November 2010, Defendant's sentence on all counts was reduced from life to 264 months' imprisonment. (Dkt. 254). In February 2015, his sentence was further reduced to 235 months' imprisonment pursuant to Amendment 782. (Dkt. 292). Defendant's terms of supervised release[1] remain unchanged.

On March 3, 2019, Defendant filed a Motion to Reduce Sentence under Section 404(b) of the First Step Act. (Dkt. 330). The Court denied the Motion on April 18, 2019, finding Defendant eligible for relief under the First Step Act but concluding he was not entitled to a sentence reduction because he would still face a mandatory minimum of life imprisonment based on the amounts of crack cocaine listed in Counts I and X of the indictment. (Dkt. 333 at 4–5). On May 3, 2019, Defendant filed a *pro se* Motion to Reconsider this ruling (dkt. 337), but it was denied because it did not set forth any discernable objections to the Court's legal analysis or findings of fact (dkt. 338 at 3).

---

[1] Defendant was sentenced to supervised release for ten years on Counts I and X, 8 years on Count VIII, and 6 years on Count IX, all to run concurrently. (Dkt. 178)

2

The instant Motion is Defendant's second motion for reconsideration of the April 2019 Order. The government concedes Defendant is eligible for consideration of a reduced sentence under the First Step Act and recommends his sentence be reduced from 235 to 210 months. (Dkt. 357 at 1). Defendant agrees with this recommendation and additionally requests a reduction to his term of supervised release. (Dkt. 359 at 15–16).

## LEGAL STANDARD

"No federal rule or statute allows a motion to reconsider in a criminal case, but reconsideration motions are accepted as a common-law practice." *United States v. Townsend*, 762 F.3d 641, 645 (7th Cir. 2014) (citing *United States v. Healy*, 376 U.S. 75, 79–80 (1964)). Thus, the Seventh Circuit has recognized that despite their omission from the Federal Rules of Criminal Procedure, "motions to reconsider in criminal prosecutions are proper and will be treated just like motions in civil suits." *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010).

"A motion designated as one for reconsideration should be considered as a motion to alter or amend the judgment" under Federal Rule of Civil Procedure 59(e) "if it is timely filed," *i.e.*, within 28 days after the entry of the order. *Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 742 (7th Cir. 2009) (citation omitted); Fed. R. Civ. P. 59(e). Alternatively, Federal Rule of Civil Procedure 60(b) permits the Court to relieve a party from an order upon finding:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) *any other reason that justifies relief.*

Fed. R. Civ. P. 60(b) (emphasis added). A request for relief under subsection (1), (2), or (3) of Rule 60(b) must be made within one year after the entry of the order. Fed. R. Civ. P. 60(c)(1). Otherwise, a Rule 60(b) motion need only be filed within a "reasonable time." Fed. R. Civ. P. 60(c)(1).

## DISCUSSION

### I. Timeliness and Defendant's Previous Motion for Reconsideration

Defendant's Motion for Reconsideration comes more than a year after the Order denying First Step Act relief, and it follows the denial of a previous Motion for Reconsideration. Nevertheless, the Court is convinced that the Motion is timely and can be decided on the merits.

As the government notes, it is not clear that the requirements of the Federal Rules of Civil Procedure apply in full force to motions for reconsideration in the criminal context, which exist as a "matter of general practice." *Rollins*, 607 F.3d at 502. However, even assuming they do—and that *Rollins*' instruction to treat motions to reconsider "just like motions in civil suits," *id.*, means what it says—the Court finds Defendant's motion timely and appropriate for disposition under Rule 60(b)(6).

First, Rule 60(b)(6) motions must be filed within a "reasonable time" but, unlike 60(b)(1)–(3) motions, they need not be brought within a year after entry of judgment. Fed. R. Civ. P. 60(c)(1). Defendant filed the instant Motion to Reconsider

4

approximately 16 months after the Order was entered. Given that Defendant attempted to seek reconsideration in the interim and considering the challenges faced by *pro se* prisoners in accessing legal materials and monitoring their cases, the Court finds this amount of time to be reasonable, particularly in absence of argument to the contrary by the government.

Second, Defendant's prior Motion for Reconsideration does not preclude the present one. Defendant's prior Motion for Reconsideration (dkt. 337) was timely filed within 28 days[2] after entry of the Order denying relief under the First Step Act and is therefore properly characterized as a Rule 59(e) motion. *See Kiswani*, 584 F.3d at 742. Rules 59(e) and 60(b) have "distinct characters," *United States v. Deutsch*, 981 F.2d 299, 302 (7th Cir. 1992), and nothing in the Rules suggests that 59(e) and 60(b) motions are mutually exclusive. *See* Fed. R. Civ. P. 59, 60. In this case, Defendant's prior Motion for Reconsideration did not set forth any bases for relief under Rule 60 (dkt. 338 at 3), and the Court therefore has yet to consider the arguments raised by Defendant in his present Motion.

## II. Sentence Reduction

Rule 60(b)(6) provides what has become known as a "catchall provision" authorizing the Court to relieve a party from an order when such relief is justified. "Rule 60(b)(6) is fundamentally equitable in nature. It thus requires the court to examine all of the circumstances, bearing in mind the need for the party invoking the rule to demonstrate why extraordinary circumstances justify relief." *Ramirez v.*

---

[2] Defendant's first Motion for Reconsideration was filed on May 3, 2019, 15 days after the April 18, 2019, Order denying relief under the First Step Act.

*United States*, 799 F.3d 845, 851 (7th Cir. 2015) (citations omitted). Whether a movant is entitled to relief under Rule 60(b)(6) "lies within the sound discretion of the district court." *Neuberg v. Michael Reese Hosp. Found.*, 123 F.3d 951, 955 (7th Cir. 1997).

The Court's original Order denying First Step Act relief states that Defendant is not entitled to a sentence reduction under the First Step Act because even with the benefit of amended crack cocaine quantity thresholds,[3] he would still face mandatory minimum sentences of life on Counts I and X. (Dkt. 333 at 4–5). This, however, is incorrect. If sections 2 and 3 of the Fair Sentencing Act of 2010 had been in effect at the time Defendant's offense was committed, Defendant would have faced a mandatory minimum of 10 years in prison, not life. (Dkt. 355 at 1). The parties agree on this. (Dkt. 357 at 5–6; Dkt. 359 at 10–11). Given that the Court's original Order denying Defendant relief under the First Step Act rested on a mistaken premise, the Court finds that Defendant has demonstrated "extraordinary circumstances" compelling enough for the Court to relieve him from the original Order.

The government does not dispute Defendant's eligibility for a sentence reduction under the First Step Act and recommends Defendant's sentence be reduced

---

[3] The Fair Sentencing Act of 2010 amended 21 U.S.C. § 841(b)(1)(A) and (B) to increase the crack cocaine quantity thresholds that trigger the statutory mandatory minimum sentences in subparagraph (A) from 50 grams to 280 grams and in subparagraph (B) from 5 grams to 28 grams. Section 404(b) of the First Step Act of 2018 states: "A court that imposed a sentence for a covered offense may, on motion of the defendant . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time . . . the offense of conviction was committed."

from 235 to 210 months. (Dkt. 357 at 1). The parties agree such a reduction would grant Defendant the benefit of the Fair Sentencing Act while also accounting for the sentence reduction he previously received. In light of the parties' agreement, the Court finds in its discretion and in the interest of justice that Defendant's custodial sentence should be reduced to 210 months.

Defendant also requests his term of supervised release be reduced. The imposed terms of supervised release were the mandatory minimum terms of supervised release at the time Defendant was originally sentenced. Now that those mandatory minimums have decreased, Defendant asks that he be resentenced to the new statutory mandatory minimum terms (8 years on Counts I and X and 6 years on Counts VIII and IX, to run concurrently). The Court finds the requested reduction reasonable and so grants it.

## Conclusion

IT IS THEREFORE ORDERED that Defendant's Motion for Reconsideration (dkt. 354) is GRANTED. Under Section 404(b) of the First Step Act, Defendant's custodial sentence is hereby REDUCED from 235 months on all counts to 210 months on all counts, to run concurrently, and his terms of supervised release are REDUCED to 8 years on Counts I and X and 6 years on Counts VIII and IX, to run concurrently.

SO ORDERED.

Entered this 29th day of September 2020.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge
